IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CYNTHIA LIBONATI, *et al.* | * |
| | * |
| v. | *   Case No.: 09-cv-1901 |
| | * |
| DORA D. WILLIAMS RANSOM, *et al.* | * |

MEMORANDUM

On June 12, 2009, Plaintiffs Cynthia Libonati, Victoria Witte, and Dorothy Sackerman ("Plaintiffs") filed a Petition to Caveat in the Orphans' Court for Baltimore City claiming that the purported Last Will and Testament of Richard Sackerman ("Decedent"), dated December 28, 2008, is invalid. On July 20, 2009, Plaintiffs filed a complaint in United States District Court for the District of Maryland requesting that: (1) certain intervivos conveyances of financial accounts and other property from Decedent to Defendant, Dora Ransom, be set aside; (2) a constructive trust be imposed on the assets; and (3) Dora Ransom, Leslie L. Ransom, Sr. (Dora's husband), and Katherine G. Sharpe, (Dora's mother), be found liable for conversion. Now pending before this Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction, and in the alternative, a Motion to Stay Proceedings in this Court. For the reasons that follow, I will deny the Defendants' Motions.

**I. Factual Background**

Decedent died at the age of 85 on June 5, 2009. Plaintiffs Cynthia Libonati and Victoria Witte are Decedent's nieces. (Pls.' Complaint, at 3.) Plaintiff Dorothy Sackerman is the widow of Decedent's brother. (*Id.*) Defendant Dora Ransom is Decedent's former neighbor, Defendant

1

Leslie Ransom is Dora's husband, and Defendant Katherine Sharpe is Dora's mother (*Id.* at 4, 7.) All three reside in the same home. (*Id.* at 6.)

Prior to his death in June, Decedent was under the complete care of Dora Ransom ("Ransom") and was living in the Ransom family home. (*Id.* at 6.) On December 23, 2008, Decedent executed a Durable Power of Attorney, naming Ransom as his attorney in fact. (*Id.* at 5.) According to Plaintiffs, Decedent was suffering from a form of dementia in his final months of life. (*Id.* at 4.) On February 5, 2009, Decedent was admitted to the hospital and later diagnosed with a terminal illness and given a life expectancy of only three months. (*Id.* at 6.) By this time his mental state had deteriorated significantly and he was apparently unable to care for himself. (*Id.*) It was at this time that Ransom moved Decedent into Defendants' home. Plaintiffs contend that throughout the time he was residing with Defendants, Decedent was confused and disoriented. (*Id.* at 9.) Plaintiffs also allege that Defendants isolated Decedent from his family and prevented him from visiting or communicating with them. (*Id.* at 8.)

On February 5, 2009, the same day he was admitted to the hospital, Decedent signed a writing purporting to be his Last Will and Testament. (*Id.* at 6.) According to Plaintiffs, Ransom has indicated that she is the named personal representative and sole beneficiary under the purported Last Will and Testament.[1] (*Id.* at 9-10.) After Decedent's death, Ransom submitted documents to Plaintiffs indicating that prior to his death, she had transferred at least $350,000 of his assets to herself and designated herself the beneficiary of his transfer on death bank accounts. (*Id.* at 10.)

On June 12, 2009, Plaintiffs filed a complaint in the Orphans' Court for Baltimore City challenging the validity of the purported Last Will and Testament. (Mem. Supp. Defs.' Mot. to

---

[1] At the time the complaint was filed, Defendants had yet to provide Plaintiffs with a copy of the purported Last Will and Testament. (*Id.* at 6.)

2

Dismiss, ("Defs.' Mem.") Ex. A at 13.)  In the complaint, Plaintiffs contend that Decedent was not legally competent to execute a Will, that the execution of the Will was the product of undue influence and fraud, and that the Will lacked the requisite formalities.  (*Id.* at 13-14.)

On July 20, 2009, Plaintiff filed this separate suit in this Court, contending that Ransom, and her co-defendants, through fraud and undue influence, transferred funds from Decedent to herself and designated herself the beneficiary of Decedent's transfer on death accounts.  (Pls.' Complaint, at 14.)  Defendants have moved to dismiss this complaint, arguing that the Will Caveat suit filed in Orphans' Court for Baltimore City precludes federal subject matter jurisdiction.

## II.  Federal Subject Matter Jurisdiction of Plaintiff's Complaint

Defendants do not dispute that the citizenship of the parties is diverse, with the amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332, *et seq*.  Instead, they argue that this action falls within the probate exception to federal subject matter jurisdiction. However, for the reasons stated below, the Defendants' arguments are without merit.

A federal court "has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946).  This probate exception to federal court jurisdiction applies when the district court's adjudication would: 1) "interfere with the probate proceedings;" 2) "assume general jurisdiction of the probate;" or 3) assert "control of property in the custody of state court."  *Id.*[2]  However, the probate exception is of "distinctly limited scope." *Marshall v.*

---

[2] The Supreme Court recently clarified the rationale for the probate exception in *Marshall v. Marshall*, stating that it is "essentially a reiteration of the general principle that, when one court is exercising in *rem* jurisdiction over a res, a second court will not assume in *rem* jurisdiction over the same res."  *Marshall v. Marshall*, 547 U.S. 293, 312 (2006).

3

*Marshall,* 547 U.S. 293, 310 (2006). "It does not bar federal courts from adjudicating matters outside . . . [its] . . . confines, and otherwise within federal court jurisdiction." *Id.* The exception does not preclude a court from entertaining suits by creditors and heirs to establish their claims against an estate. *Marshall,* 547 U.S. at 310; *Markham*, 326 U.S. at 494. Ultimately, a federal court may hear claims related to the probate of a will or the administration of a decedent's estate "where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Markham*, 326 U.S. at 494.

The probate exception does not prevent a federal court from determining the rights of the parties; it prohibits only the administration of assets. *See Markham*, 326 U.S. at 494. Therefore, when the action is to recover personal property claimed by another party, the probate exception is inapplicable. In *Marshall*, the Court concluded that a claim of tortuous interference with inheritance did not "involve the administration of an estate, the probate of a will, or any other purely probate matter." *Marshall*, 547 U.S. at 312. The claimant sought only an in personam judgment, not the probate or annulment of a will. Therefore, jurisdiction in a federal court was appropriate. Similarly, the Maryland Court of Appeals has found that when the claim requires the determination of "title to personalty between conflicting claims," equity jurisdiction is appropriate. *Tribull v. Tribull*, 208 Md. 490, 502 (1956); *see also DeFelice v. Riggs National Bank*, 55 Md. App. 476, 478 (1983) (holding that the Orphans' Court did not have jurisdiction to consider the issue of who was entitled to the insurance proceeds after decedent's death); *Estate of Genecin v. Genecin*, 363 F. Supp. 2d 306, 312 (D. Conn. 2005) (applying Maryland law and noting that when an individual brings an action to "recover personal property claimed by another . . . such an action must be brought in an appropriate court of general jurisdiction and not in the

4

Orphans' Court") (citing *Defelice v. Riggs Nat'l Bank of Washington*, 55 Md. App. 476, 479 (1983).

While the probate exception to federal subject matter jurisdiction is narrow, the jurisdiction of the Maryland Orphans' Court is also limited. In Maryland, the Orphans' Court is a tribunal of special limited jurisdiction and can exercise only the authority and power expressly provided to it by law. *See*, *e.g.*, *DeFelice*, 55 Md. App. at 478 (discussing the jurisdiction of the Orphans' Court). The Jurisdiction of the Orphans' Court is set forth in Md. Est. & Trust Code § 2-102. That section provides:

> (a) The court may conduct judicial probate, direct the conduct of a personal representative, and pass orders which may be required in the course of the administration of an estate of a decedent. It may summon witnesses. The court may not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred.
>
> (b) The court may not establish rules of practice and procedure inconsistent with the Maryland Rules or with any statute.
>
> (c) An interested person may petition the court to resolve any question concerning an estate or its administration.

Md. Est. & Trusts Code § 2-102. Ultimately, the Orphans' Court must be confined to the express letter of its authority. *See, e.g.*, *Taylor v. Bruscup*, 27 Md. 219 (1867).

In the instant case, the Defendants argue that a dispute regarding title to property formerly titled to a decedent falls outside the scope of federal subject matter jurisdiction. However, as long as diversity requirements are met, federal jurisdiction over such a matter is entirely appropriate. First, Plaintiffs' claim is distinct and separate from the probate claim filed in Orphans' Court. There is no danger that this Court will interfere with the proceedings of the Orphans' Court, "save to the extent that the state court (will be) bound by the judgment to recognize" the rights adjudicated herein. *Akrotirianakis v. Burroughs*, 262 F. Supp. 918, 923 (D.

Md. 1967) (concluding that federal court review of an executor's sale of the personal property of the decedent would not interfere with the Orphans' Court's administration of the estate). Second, this Court is not assuming probate jurisdiction; indeed, the Orphans' Court has no jurisdiction to hear the matter pending before this Court. Third, this Court will not be asserting control of property within possession of the Orphans' Court. Plaintiffs dispute the validity of an intervivos transfer of non probate assets, not the administration of *res* under the control of the probate court.

Defendants nevertheless argue that the proceedings in this Court will interfere with probate proceedings in Orphans' Court, on the ground that the federal claim merely restates "the same allegations" from the Orphans' Court (Defs.' Mem. at 2.) In their federal claim, Plaintiffs contend that Ransom abused a confidential relationship and ultimately her fiduciary obligations as Decedent's attorney-in-fact to execute certain self serving financial transactions prior to Decedent's death. Specifically, Plaintiffs claim that Ransom transferred $350,000 of Decedent's assets to herself, and made herself the beneficiary of his transfer on death accounts. (Mem. Supp. Pls.' Opp. to Defs.' Mot. to Dismiss (Pls.' Mem.) at 3.) The Will Caveat, on the other hand, seeks only to invalidate the purported Last Will and Testament. (*Id.*) Because the claims are distinct and separate, there is no danger that this Court's determination will interfere with the administration of the decedent's estate.

Not only are the claims distinct, the Orphans' Court has no jurisdiction over the claims raised by Plaintiffs in this Court because it does not have jurisdiction to decide questions of title to personal property. In *DeFelice*, the Maryland Court of Special Appeals concluded that the Orphans' Court had no jurisdiction to decide conflicting claims to the proceeds of the decedent's auto insurance policy. *DeFelice*, 55 Md. App. at 479. The court concluded that nowhere in Md.

6

Est. & Trusts Code § 2-102 "is there authority for a personal representative to bring an action in the Orphans' Court to recover personal property claimed by another."[3] *Id*. Similarly, in *Figgins v. Cochrane*, the Maryland Court of Appeals upheld a decision made by the Circuit Court (a trial court of general jurisdiction), rather than the Orphans' Court, concerning a daughter's use of a power of attorney to transfer title to real property to herself during the decedent's lifetime. *Figgins v. Cochrane*, 403 Md. 392 (2008) (exercising jurisdiction without discussing the justification for doing so). The question raised by Plaintiffs is clearly one of title. They ask this Court to decide whether Defendants hold proper title to $350,000 in finances and to Decedent's transfer on death accounts. As the court in *DeFelice* noted, "where the proceedings will either directly or effectively involve a determination of title to personal property . . . [t]he Orphans' Courts . . . are simply without jurisdiction to consider this type of question." *DeFelice*, 55 Md. App. at 481-82.

     Resolution of Plaintiffs' claim will not require this Court to assume control over property within the possession of the probate court. The disputed transfer on death accounts and $350,000 in intervivos transfers are not probate assets. Plaintiffs allege that they are the proper beneficiaries of those accounts. Regardless of the decision in this Court, administration of Decedent's estate will proceed in the Orphans' Court unimpeded. *See, e.g.*, *Akrotirianakis*, 262 F. Supp. at 924 (finding federal subject matter jurisdiction to determine whether the executor's sale of decedent's assets and transfer of title should be set aside on grounds of fraud and breach of fiduciary duty).

---

[3] The comment to the predecessor statute to § 2-102 stated: "It was felt to be unnecessary to describe in detail all of the rules which the Court of Appeals of Maryland has developed in setting forth those areas in which the [Orphans'] Court does not have jurisdiction. These rules, for example, prohibit the court from exercising jurisdiction over questions of title." *DeFelice*, 55 Md. App. at 479, n. 2.

*Kroll v. Fisher*, 182 Md. App. 55 (2008), relied upon by Defendants, is inapposite. There, the Maryland Court of Special Appeals held that the Orphans' Court has exclusive jurisdiction over a claim that the personal representative of an estate *mismanaged* funds entrusted to her care, as the duly appointed attorney-in-fact for the decedent, before the decedent passed away. That is not the claim in this case. Rather, the claim here is that the assets belonging to the decedent were wrongfully transferred by the decedent's attorney-in-fact to herself prior to the decedent passing away. This claim turns on the issue of who has title to the assets, and as stated above, this is an issue beyond the jurisdiction of the Orphans' Court. *Cf. Tribull*, 208 Md. at 499-500 (citing *Wilson v. McCarty*, 55 Md. 277, 280 (1881) (cited in *Kroll* for the conclusion that compelling an executor to order an accounting is within the jurisdiction of the Orphans' Court).

### III.  Motion to Stay Proceedings in U.S. District Court for the District of Maryland

In the alternative to their motion to dismiss for lack of subject matter jurisdiction, Defendants argue that this Court should stay these proceedings, pending an adjudication of the matter in Orphans' Court. In assessing whether to stay a federal suit due to a concurrent state proceeding, a federal court must weigh its "obligation to exercise jurisdiction" against a "combination of factors counseling against that exercise," such as: "the inconvenience of the federal forum," "the desirability of avoiding piecemeal litigation," and "the order in which jurisdiction was obtained." *Colorado Water Conservation v. United States*, 424 U.S. 800, 818 (1976). Defendants do not specify why this court should order a stay. However, no issues raised by Defendants in support of their motion to dismiss would support such a decision. The

proceeding in Orphans' Court and the proceeding in this Court are not dependent on each other, nor is there a danger of inconsistent determinations. As noted above, the conclusion of this Court as to the proper title to the funds and to the transfer on death accounts, while it may have relevance, has no immediate bearing on the Orphans' Court's determination as to whether or not the purported Last Will and Testament is valid. Not only is there no danger of piecemeal litigation in this case, the proceedings of an equity court are required to protect Plaintiffs' rights. The Orphans' Court cannot exercise jurisdiction to settle questions of title. Ultimately, there are no factors that outweigh this Court's obligation to exercise jurisdiction.

### IV.  Conclusion

The probate exception does not preclude federal subject matter jurisdiction, and no factors outweigh the Court's obligation to exercise its jurisdiction. For the foregoing reasons, I deny Defendant's Motion to Dismiss and deny Defendant's Motion to Stay the Proceedings of this Court. A separate order to that effect is being entered herewith.

October 22, 2009

                                                                      /s/
                                                            J. Frederick Motz
                                                            United States District Judge